UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SALLIE SMITH                                                              PLAINTIFF

VS.                                             CIVIL ACTION NO. 4:11CV45CWR-FKB

WAYNE COUNTY SCHOOL BOARD, ET AL.                           DEFENDANTS

<u>REPORT AND RECOMMENDATION</u>

On March 14, 2011, Plaintiff Sallie Smith filed a complaint in this Court charging her former employer, the Wayne County School Board, with terminating her position as a teacher because of a "handicapping condition."  On the same date, she filed a Motion to Proceed In Forma Pauperis (Docket No. 2)  requesting that the prepayment of filing fee and costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the undersigned that Plaintiff is not indigent under the law and should not be allowed to proceed in forma pauperis. Plaintiff, who apparently has a college degree, has a monthly income of $3,132.42.  According to the affidavit, her monthly expenses are $3,0456.  She owns a 1998 Ford van and has no car payment.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. See <u>Williams v. Estelle</u>, 681 F.2d 946 (5th Cir. 1982); <u>Prows v. Kastner</u>, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

Is the plaintiff barred from the federal courts by reason of his impecunity? <u>Souder v. McGuire</u>, 516 F.2d 820 (3rd Cir. 1975);

Is access to the courts blocked by the imposition of an undue hardship? <u>Startti v. United States</u>, 415 F.2d 1115 (5th Cir.

1969); and,

Is the plaintiff forced to contribute his last dollar, or render
himself destitute to prosecute his claim? <u>Adkins v. E.I. DuPont
de Nemours & Co.</u>, 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly the fact that she has significant monthly

income, the undersigned finds that she could pay filing costs without undue financial hardship if

given ninety days to pay the filing fee. She will not be rendered destitute by paying the filing fee

in ninety days, as she does have a place to reside, a motor vehicle, and a monthly

income.  Because she will not be barred from the federal courts due to her lack of financial

resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed in

forma pauperis be denied.  Plaintiff shall be given ninety days to pay the filing fee in this

cause; all of the costs associated with the filing of this lawsuit should be paid on or before July 6,

2011.  If Plaintiff does not object to this recommendation, and further does not pay the filing fee

by July 6th, the undersigned recommends that this case be dismissed without prejudice with no

further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the

appropriate procedure in the event she desires to file objections to these findings and

recommendations.  Plaintiff is further notified that failure to file written objections to the

proposed findings, conclusions, and recommendation contained within this report and

recommendation within fourteen (14) days after being served with a copy shall bar her, except

upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P.

72(b)(as amended, effective December 1, 2009); <u>Douglass v. United Services Automobile
Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 7th day of April, 2011.


/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE